IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. COURTNEY L. JOHNSON

**Appeal from the Circuit Court for Montgomery County**
**No. 39421, 39956A    John H. Gasaway, III, Judge**

<hr>

**No. M2000-02991-CCA-R3-CD - Filed December 28, 2001**

<hr>

The defendant, Courtney L. Johnson, appeals the revocation of her probation by the Montgomery County Circuit Court. On appeal, she challenges the trial court's decision, after revocation, to order her to serve the balance of her effective sentence of approximately ten years in the Tennessee Department of Correction. Because we find no abuse of discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith and Roger Nell, District Public Defender, for the Appellant, Courtney Johnson.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlin, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance Baker, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On April 7, 1998, the defendant pleaded guilty in indictment number 39421 to five counts of passing worthless checks, one count of theft, and one count of speeding. The guilty plea agreement provided for the dismissal of 36 other counts in the indictment and the consecutive alignment of six eleven-month, 29-day sentences. In lieu of incarceration in the Department of Correction, the court placed the defendant on probation.

Four days after the imposition of the convictions and sentences, the defendant was charged with aggravated burglary and theft, charges that resulted in indictment number 39956. On December 9, 1998, based upon the new charges, the trial court revoked the defendant's probation in case number 39421. The court ordered the defendant to serve 30 days in the county jail, after which the defendant resumed probation.

Also on December 9, 1998, the defendant pleaded guilty to the charges of aggravated burglary and theft in case number 39956. The court imposed convictions for these offenses, resulting in an effective sentence of four years; however, this four-year sentence was imposed to run consecutively to the effective sentence in case number 39421. The defendant was ordered to serve 120 days in the county jail on the new sentence, and the defendant was placed on probation for the remainder of that sentence.

On June 2, 1999, a new probation revocation warrant was filed, alleging that the defendant was arrested on May 20, 1999 for driving on a revoked or suspended license and failure to pay costs. Based on this warrant, on August 20, 1999 the trial court revoked probation in cases 39421 and 39956 and ordered the defendant to serve seventeen days in the county jail. The remainder of the aggregate sentences, which were to expire on April 5, 2008, were to be served on probation.

On July 10, 2000, the state filed the revocation warrant in cases 39421 and 39956 resulting in the probation revocation that is currently under review. As a basis for revocation, this new warrant alleged that the defendant was arrested for theft on May 27, 2000. At the probation revocation hearing, the defendant admitted that she had violated her probation as alleged in the warrant. Although she asked to be returned to probation, the trial court ordered her to serve the remainder of her effective sentence of approximately ten years in the Department of Correction.

It is from this order that the defendant appeals. She claims that serving the balance of the ten-year sentence in the Department of Correction is excessive. We have reviewed the record, the briefs of the parties, and the applicable law, and we conclude that the trial court was within its discretion in ordering service of the sentences as originally imposed.

Tennessee law provides that a trial court that revokes a defendant's probation may order the defendant incarcerated for the remainder of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (1997). We review a court's order to serve the original sentence under an abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

Clearly, there is no abuse of discretion in the lower court's decision to order the defendant to serve the remainder of her original sentences in the Department of Correction. In the short time she had been on probation, the probation had been revoked twice before the revocation proceeding now under review. In the previous revocation proceedings, the court ordered the defendant to serve short periods of confinement in the county jail, to be followed by a return to probation. Obviously, she was unwilling or unable to reform her conduct after twice receiving dispensations from the trial court. We point out that the bases for probation revocations were not merely technical rule violations but rather were arrests or convictions on new offenses, the first of which was committed four days after she was first placed on probation. Understandably, her pleas to essentially grant her "one more last chance" fell on deaf ears.

As to the claim that the original sentences that must now be served are excessive, we remind the defendant that she pleaded guilty and agreed to the sentences. After she reached her

bargains with the state, one of which called for the dismissal of 36 counts of passing worthless checks, she had three opportunities to avoid serving the agreed-to effective sentence by serving her probation without re-offending. The defendant has no one to blame for her plight but herself.

Finding no abuse of discretion, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE